NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ANTHONY LIVINGSTON,     :  <br>                                                 :  <br>              Petitioner   :  <br>                                                 :  <br>    v.                                           :  <br>                                                 :  <br> UNITED STATES OF AMERICA,   :  <br>                                                 :  <br>              Respondent    :  <br>_____ | CIV. NO. 23-2015 (RMB)  <br><br>**MEMORANDUM OPINION**  <br>**APPLIES TO ALL ACTIONS** |
| UNITED STATES OF AMERICA,   :  <br>                                                 :  <br>                                                 :  <br>    v.                                           :  <br>                                                 :  <br> ANTHONY LIVINGSTON,     :  <br>                                                 :  <br>              Defendant    :  <br>_____ | CRIM. NO. 01-465 (RMB) |

IT APPEARING THAT:

    1. On April 10, 2023, Petitioner Anthony Livingston ("Livingston") filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 ("2255 Motion") with respect to Criminal Action No. 19-019 (RMB). (Dkt. No. 1.) Livingston filed an amended 2255 motion ("Amended 2255 Motion") on April 24,

1

2023. (Dkt. No. 5.)[1] Respondent filed an answer in opposition to Livingston's Amended 2255 Motion on July 12, 2023. (Dkt. No. 9.) Livingston filed a reply brief on July 24, 2023. (Dkt. No. 10.)

2. By Opinion and Order dated July 25, 2024, this Court denied Grounds One through Three of the Amended 2255 Motion, and reserved Ground Four[2] for supplemental briefing. (Opinion, Dkt. No. 18; Order, Dkt. No. 19.) For resentencing on Ground Four, Respondent proposed:

> that the Court correct Petitioner's sentence rather than carry out a full resentencing by directing that an amended

---

[1] In his Amended 2255 Motion, Livingston challenged his conviction and sentence in Criminal Action No. 19-019 (RMB), and his sentence for a related supervised release violation in Criminal Action No. 01-cr-465 (RMB) (Dkt. No. 77.) Rule 2(d) of the Rules Governing Cases Filed under 28 U.S.C. § 2255 provides, "(d) Separate Motions for Separate Judgments. A moving party who seeks relief from more than one judgment must file a separate motion covering each judgment." Therefore, the Court will sever Livingston's Amended 2255 Motion into two § 2255 motions. Grounds One through Three apply to Civ. No. 23-2015, and Ground Four applies to a new civil action under 28 U.S.C. § 2255 to be opened by the Clerk of Court. To comply with Habeas Rule 2(d), the Court will direct the Clerk to file duplicate copies of all docket entries in Civ. No. 23-2015 (RMB) in a new Civil Action under 28 U.S.C. § 2255, in relation to Criminal Action No. 01-465 (RMB). **If Livingston wishes to raise any additional claims on collateral attack in Criminal Action No. 01-465 (RMB), solely regarding the November 22, 2021 Judgment on violation of supervised release (ECF No. 77), he may file an amended § 2255 motion in the new civil action on or before the resentencing to be scheduled by this Court.** *See Castro v. U.S.*, **540 U.S. 375, 383 (2003) ("the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.")**

[2] Liberally construing Ground Four, the Court determined Livingston was asserting the 40-month sentence for supervised release violations exceeded the statutory maximum. (Opinion, Dkt. No. 18 at 7.)

> judgment be entered that "stacks" or runs multiple shorter sentences consecutively to arrive at the same aggregate forty-month term of imprisonment for the supervised release violations without exceeding Section 3583(e)(3)'s two-year limit.

(Dkt. No. 18 at 9.)

3. Thus, on Ground Four, the Court directed the parties to provide supplemental briefs to propose language for an Amended Judgment to correct Livingston's sentence in re Criminal Action No. 01-465 (RMB). (Dkt. No. 19.)

4. Respondent submitted the following proposed language for the Amended Judgment:

> It is ordered and adjudged that the previously imposed term of supervised release is revoked and the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 40 months. Specifically, you are sentenced to a term of 5 months in custody for violating the terms of supervised release attached to each of Counts One, Two, Three, Four, Five, Six, Seven and Eight of the underlying indictment. All terms of imprisonment are to run consecutively to each other to produce a total aggregate term of 40 months. This 40-month sentence shall run consecutively to the sentence imposed on Criminal Action No. 19-19-01 (RMB).

(Dkt. No. 20 at 1.) Livingston did not respond. The Court, however, reviewed the sentencing records.

5. The Court finds that on February 1, 2002, Anthony Livingston was sentenced under District of New Jersey Docket No. 01-CR-00465-001 (RMB) after having been convicted of eight counts of Bank Robbery. That sentence consisted of 220 months in custody on each of those eight counts, to be served concurrently, as

well as 3 years of supervised release on each count of conviction, also to be served concurrent to each other. Those terms of supervised release commenced on July 13, 2018.

6. Almost immediately, Livingston violated those periods of supervised release by engaging in multiple bank robberies as well as attempted bank robbery. That criminal conduct resulted in his indictment, conviction, and sentence in *USA v. Livingston*, Docket Number 19-CR-00019-1-RMB-1 (D.N.J.)

7. On November 22, 2021, the Court adjudged Livingston guilty of having violated the terms of supervised release imposed in Docket No. 01-CR-00465-001 by having engaged in new criminal conduct. (Dkt. No. 77.) The Court sentenced Livingston to "40 months in custody for violating the terms of supervised release attached to each of Counts One, Two, Three, Four, Five, Six, Seven, and Eight of the underlying indictment." (*Id.*) (The Court also ordered that these terms of imprisonment run concurrent to each other to produce a total aggregate term of 40 months.)

8. The Court's sentence for the violation of supervised release runs afoul of 18 U.S.C. § 3583(e)(3), which outlines the maximum terms of imprisonment available upon revocation of supervised release. In substance and in part, the statute dictates that a defendant whose term of supervision is revoked may not be required to serve more than 2 years in prison if the offense that resulted in such term of supervised release is a class C felony. In this case, the eight Bank Robbery convictions which resulted in Livingston's eight concurrent terms of supervised release were all class C

felonies. Thus, he could not have been ordered to serve more than 2 years in custody for violating any one of the terms of supervised release imposed on February 1, 2002. Reference is also made to U.S.S.G. § 7B1.4(b).

9. Livingston's guideline range for supervised release violation ordinarily would have been 33-41 months. However, because of the provisions of 18 U.S.C. § 3583(e)(3) and U.S.S.G. § 7B1.4(b)(1), the guideline range should have been restricted to 24 months. It's clear from the transcript, however, that the Court intended to impose an aggregate sentence within the range of 33-41 months.

10. Under controlling Third Circuit case law, an aggregate custodial term of 40 months is permissible in this case. Pursuant to the Third Circuit's ruling in *U.S. v. Dees*, 467 F.3d 847 (3rd Cir. 2006), a district court has the authority to impose consecutive prison sentences upon revocation of concurrent terms of supervised release which resulted from the imposition of multiple terms of imprisonment. Thus, a perfectly legal sentence would be one which calls for 5 months in custody for violating the terms of supervised release attached to each of Counts One through Eight of the underlying indictment, to be served consecutive to each other to produce a total aggregate term of 40 months. The Court erred, however, when it imposed a term of 40 months to run concurrent to each other, and the sentencing transcript does not assist the Court in determining otherwise. Accordingly, the Court will grant Livingston's request and order a resentencing in Criminal Action No. 01-465 (RMB).

11. The Court had reserved Ground Four of Livingston's Section 2255

Motion, but denied Grounds One through Three. (Opinion, Dkt. No. 18.) On August 9, 2024, Livingston filed a timely motion for reconsideration under Federal Rule of Civil Procedure 59(e). (Dkt. No. 21.) Livingston then filed an amended motion for reconsideration on September 12, 2024, which this Court construes as a supplement to his original motion for reconsideration. (Dkt. No. 22.)

12. In his motions for reconsideration, Livingston contends the Government failed to prove the banks he was convicted of robbing were FDIC insured because a bank employee did not testify to the authenticity of the certificates of insurance. (Dkt. Nos. 21, 22.) Livingston submits that the certificates of insurance were submitted through the testimony of Detective Coulter, who is not a bank employee. (Dkt. No. 22 at 4.) He contends only bank employees and FDIC employees can obtain bank certificates to prove FDIC insurance, and his counsel failed to object to the admission of the certificates. (*Id.*)

13. A motion for reconsideration under Rule 59(e) provides an extremely limited opportunity for review. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Relief is available:

> [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available … or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*Id.* at 415 (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.,* 602 F.3d 237, 251 (3d Cir. 2010) (alteration added)).

14. Livingston has failed to show the Court committed a clear error of law by denying his claims in Grounds One and Two. Livingston asserted the Government failed to prove the jurisdictional element of 18 U.S.C. § 2113, that the federal bank victims were FDIC insured at the time of the robbery (Ground One) and that his trial counsel was ineffective by failing to object on this ground (Ground Two). (Am. 2255 Motion, Dkt. 5.) The Court determined:

> "[A]t trial, the Government admitted three FDIC certificates into evidence without objection from defense counsel with the obvious intention of satisfying the jurisdictional element. (*See* Answer Ex. A, at 689:24–691:9; Answer Exs. B to D.) The certificates clearly indicate that the deposits of each of the three banks Petitioner robbed were insured by the FDIC. (*See* Answer Exs. B to D.)"

(Opinion, Dkt. No. 18 at 6.)

15. The three certificates were properly admitted under Federal Rules of Evidence Procedure 803(6) (business record exception) and 902(11) (evidence that is self-authenticating), as certified by counsel for the FDIC, Nicholas Kazmerski. Answer Exs. B to D, Dkt. No. 9-1 at 8-34; Answer, Ex. A, at 689:24-691:9). *See, e.g., U.S. v. Jimenez*, 513 F.3d 62, 78 (3d Cir. 2008) (holding that even if the court were to assume that "Rule 902(11) declarations are testimonial and subject to the Confrontation Clause, their admission in this case for the purpose of authenticating the bank statements [in mortgage fraud and bank fraud prosecution] was harmless); *see also United States v. Weigand*, No. 20-CR-188 (JSR), 2021 WL 568173, at *1 (S.D.N.Y. Feb. 14, 2021) ("courts across the country have held, and this Court

agrees, that a custodian's certification pursuant to Federal Rule of Evidence 902(11) is not testimonial) (citing *e.g.*, *United States v. Yeley-Davis*, 632 F.3d 673, 678 (10th Cir. 2011)). The self-authenticating FDIC certificates were sufficient evidence the banks were FDIC insured. *See*, *e.g.*, *United States v. Blake*, 66 F.4th 1165, 1175 (8th Cir. 2023) (holding FDIC certificates were sufficient to establish banks' FDIC status for conviction under 18 U.S.C. § 2113).

16. Therefore, the Court will deny Livingston's motions for reconsideration.

17. After filing his motions for reconsideration, Livingston filed a motion for extension of time to file appeal. (Dkt. No. 23.) "Federal Rule of Appellate Procedure 4(a)(4) provides that [a] motion[] under Federal Rule[] of Civil Procedure … 59 … timely filed in the district court toll[s] the period for filing a notice of appeal until the district court enters an order disposing of the motion." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (alterations added). Livingston's first motion for reconsideration was filed within the 28-day period established by Rule 59(e), therefore, tolled the time for Livingston to file an appeal of this Court's Opinion and Order denying his Amended 2255 motion.

The Court will deny Livingston's motion for an extension of time to appeal under Federal Rule of Appellate Procedure 4(a)(4).

An appropriate Order follows.

Date:  **April 21, 2025**

                                            s/Renée Marie Bumb
                                            RENÉE MARIE BUMB
                                            CHIEF UNITED STATES DISTRICT JUDGE